Hung Xuong LAM, Petitioner—
Appellant,

v.

George J. GIURBINO, Warden,
Respondent—Appellee.

No. 02–56096.

D.C. No. CV–01–02443–AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided March 14, 2003.

Before D.W. NELSON, WARDLAW
and FISHER, Circuit Judges.

MEMORANDUM *

Appellant Hung Xuong Lam appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of a petition for a writ of habeas corpus. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 341, 154 L.Ed.2d 249 (2002). We may not grant relief unless the state court's adjudication of Lam's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We are not permitted to substitute our judgment for that of the state court. *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002), *reh'g denied,* —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

Lam contends that the trial court's admission of nontestifying accomplice Cuong Phan's out-of-court statements violated his rights under the Confrontation Clause of the Sixth Amendment. Like the California Court of Appeal, we decline to decide whether the admission of the statements violated the Sixth Amendment, because even if we assume that a Confrontation Clause violation occurred, the error was harmless. Phan's statements, which placed Lam at the murder scene, were corroborated by the far more damaging testimony of Sat Tai Yu and Jimmy Quach. Moreover, the government did not rely heavily on Phan's statements in its closing argument, and the court instructed the jury that it was not to consider the testimony of accomplices unless that testimony was corroborated by other evidence.

Finally, we share the opinion of the California Court of Appeal that Phan's statements might have been of some assistance to Lam, as they supported the jury's finding that Lam did not personally use a firearm in commission of the offense. Any error in the admission of the statements therefore did not have a "substantial and injurious effect" on the jury's verdict, *Brecht v. Abrahamson,* 507 U.S. 619, 622, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted), and the California Court of Appeal's conclusion that the error was harmless was not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C.

---

§ 2254(d)(1). The judgment of the district court is AFFIRMED.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.