**Christopher A. TAYLOR, Petitioner–Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent–Appellee.**

No. 02–56433.

D.C. No. CV–01–01008–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

California state prisoner Christopher A. Taylor appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, challenging his jury trial conviction of attempted murder while personally using a firearm, and related offenses. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Taylor first contends that the prosecution's peremptory challenges of four African–American prospective jurors were based upon impermissible group bias in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Even if Taylor establishes a prima facie case of racial discrimination, Taylor fails to demonstrate that the state court erred in finding that the prosecutor's reasons for exercising his peremptory strikes were legitimate. *Miller–El v. Cockrell*, —— U.S. ——, ——, 123 S.Ct. 1029, 1045, 154 L.Ed.2d 931 (2003) ("To secure habeas relief, petitioner must demonstrate that a state court's finding of the absence of purposeful discrimination was incorrect by clear and convincing evidence, 28 U.S.C. § 2254(e)(1), and that the corresponding factual determination was 'objectively unreasonable' in light of the record before the court."); *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam) (holding that a "legitimate reason" for exercising peremptory strikes "is not a reason that makes sense,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

but a reason that does not deny equal protection").

Taylor next contends that he was denied a fair trial based upon the admission of gang affiliation evidence. Because the gang evidence was admitted to establish motive, a material issue in this case, the state court did not err in finding the evidence admissible. *United States v. Abel*, 469 U.S. 45, 49, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984) (deciding that gang membership was "sufficiently probative of ... possible bias ... to warrant its admission into evidence."); *United States v. Santiago*, 46 F.3d 885, 889 (9th Cir.1995) (recognizing that gang evidence is admissible as proof of motive).

Taylor's last contention is that the prosecution improperly elicited evidence of his post-arrest silence, in violation of *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (holding that "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment."). A review of the transcripts demonstrates that the prosecutor used Taylor's post-arrest statements to impeach Taylor, rather than to elicit evidence of his silence. Accordingly, Taylor fails to demonstrate that the prosecutor committed any misconduct. *See McKenna v. McDaniel*, 65 F.3d 1483, 1492 (9th Cir. 1995) (deciding that there was no *Doyle* error because the defendant did not remain silent).

Therefore, the district court properly denied federal habeas relief on Taylor's claims. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357,

361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied*, —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**[1]

---

1. The clerk shall file the reply brief received on January 23, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.