Alonzo Lonnie COLLINS,
Petitioner–Appellant,

v.

Cheryl K. PLILER, Respondents–
Appellees.

No. 00–57167.

D.C. No. CV–99–02559–MMM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided April 18, 2003.

Before CANBY, O'SCANNLAIN and
T.G. NELSON, Circuit Judges.

MEMORANDUM**

California state prisoner Alonzo Lonnie Collins appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his sentence for petty theft with a prior felony conviction in violation of California Penal Code § 666. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Collins contends that his 25 year to life sentence under California's three strikes law, Cal.Penal Code Ann. § 667 (West 1999), is cruel and unusual punishment, in violation of the Eighth Amendment. This claim is foreclosed by the Supreme Court's recent decisions in *Lockyer v. Andrade,* — U.S. ——, 123 S.Ct. 1166, 1175–76, 155 L.Ed.2d 144 (2003) ("affirmance of two consecutive 25 years to life sentences for petty theft was not contrary to or an unreasonable application of clearly established federal law"), and *Ewing v. California,* — U.S. ——, 123 S.Ct. 1179, 1190–91, 155 L.Ed.2d 108 (2003) (holding that petitioner's 25 years to life sentence under the California three strikes law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment).[1]

Accordingly, the state court's denial of Collins' habeas petition was not an unreasonable application of clearly established Supreme Court authority, and the district court did not err by denying his federal habeas petition. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam), *reh'g denied,* — U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**[2]

---

* This panel unanimously finds this case suitable for decision without oral argument. Accordingly, Appellant's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We decline to address appellant's contention that his sentence violates his state constitutional rights because a violation of state law is not a basis for federal habeas relief. *See*

*Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). We decline to address appellant's additional claims of trial court error because the certificate of appealability was limited to the Eighth Amendment issue, and appellant neither timely sought, nor obtained, broader certification. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999); 28 U.S.C. § 2253(c).

2. Respondent's motion to vacate order holding proceedings in abeyance is granted. All other pending motions are denied.