**Earl Otha JONES, Petitioner–Appellant,**

**v.**

**Don TAYLOR, Warden, et.al., Respondents–Appellees.**

**No. 01–55236.**

**D.C. No. CV–00–04392–JSL.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided April 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM**

California state prisoner Earl Otha Jones appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1997 state sentence for petty theft with a prior felony conviction in violation of California Penal Code § 666. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Jones contends that his 25 year to life sentence under California's three strikes law, Cal.Penal Code Ann. § 667 (West 1999), is cruel and unusual punishment, in violation of the Eighth Amendment. This claim is foreclosed by the Supreme Court's recent decisions in *Lockyer v. Andrade*, —— U.S. ——, 123 S.Ct. 1166, 1175–76, 155 L.Ed.2d 144 (2003) ("affirmance of two consecutive 25 years to life sentences for petty theft was not contrary to or an unreasonable application of clearly established federal law"), and *Ewing v. California*, —— U.S. ——, 123 S.Ct. 1179, 1190–91, 155 L.Ed.2d 108 (2003) (holding that petitioner's 25 years to life sentence under the California three strikes law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment).

Jones also contends that the manner in which California prosecutes the offense of petty theft with a prior felony conviction within the context of a three strikes offense violates the constitutional prohibition against double jeopardy. This argument lacks merit because "the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *See United States v. Kaluna*, 192 F.3d 1188, 1198 (9th Cir.1999) (en banc) (quoting *Witte v. United States*, 515 U.S. 389, 399, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) for the proposition that recidivist sentencing schemes do not violate double jeopardy clause).

Accordingly, the state court's denial of Jones' habeas petition was not an unreasonable application of clearly established Supreme Court authority, and the district court did not err by denying his federal habeas petition. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam), *reh'g denied*, —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. All pending motions are denied.