Clarence **RIGSBY**, Petitioner–Appellant,

v.

Bill **LOCKYER**, Respondent–Appellee.

No. 01–16379.

D.C. No. CV–99–06821–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.\*

Decided April 25, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM\*\*

California state prisoner Clarence Rigsby appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his sentence imposed following his guilty plea conviction for possession of methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Rigsby contends that his 25 years-to-life sentence under California's three strikes law, California Penal Code section 667, constitutes cruel and unusual punishment. This contention was recently foreclosed by the Supreme Court's decisions in *Lockyer v. Andrade*, — U.S. —, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (holding that a state court's decision to affirm petitioner's two consecutive 25–years–to–life terms under the three strikes law was not contrary to, or an unreasonable application of, clearly established Federal law), and *Ewing v. California*, — U.S. —, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (holding that a state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to, or an unreasonable application of, clearly established Federal law).

Therefore, it was not an unreasonable application of Federal law for the California courts to affirm Rigsby's 25 years-to-life sentence, and the district court properly denied his petition. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court deci-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sion is objectively unreasonable"), *reh'g denied,* —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**[1]

**AFFIRMED.**

---

1. All pending motions are denied as moot.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.