**Scott David BENSCOTER,
Petitioner–Appellant,**

v.

**J. MCGRATH, Warden, Respondent–
Appellee.**

**No. 01–55227.**

**D.C. No. CV–00–07919–GHK.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted April 7, 2003.*

Decided April 25, 2003.

Before RYMER, KLEINFELD and BYBEE, Circuit Judges.

## MEMORANDUM**

California state prisoner Scott David Benscoter appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his sentence for petty theft with a prior. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Benscoter contends that his sentence of 25 years-to-life under California's three strikes law, California Penal Code section 667, constitutes cruel and unusual punishment.[1] This contention was recently foreclosed by the Supreme Court's decisions in *Lockyer v. Andrade,* — U.S. —, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (holding that a state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to, or an unreasonable application of, clearly established Federal law), and *Ewing v. California,* — U.S. —, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (holding that petitioner's 25 years-to-life sentence under the California three strikes law did not violate the Eighth Amendment's prohibition against cruel and unusual punishment).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Therefore, it was not an unreasonable application of Federal law for the California courts to affirm Benscoter's 25 years-to-life sentence, and the district court properly denied his petition. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied,* — U.S. —, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

## AFFIRMED.[2]

---

1. To the extent Benscoter raises claims not encompassed within the certificate of appealability, we decline to address them. *See* 28 U.S.C. § 2253(c)(3); *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

2. Benscoter's request to strike excerpt of record, filed on October 16, 2001, is denied.