**Tuan Quoc DOAN, Petitioner–Appellant,**

v.

**T.L ROSARIO, Warden, Respondent–Appellee.**

No. 02–57068.

D.C. No. CV–02–04444–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 20, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Doan's request for oral argument is denied.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Tuan Quoc Doan appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, challenging his jury-trial convictions for second degree murder, attempted murder, assault with a firearm, infliction of great bodily injury, and street terrorism. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Doan contends that his trial counsel was ineffective by failing to make discovery requests, presenting an unfavorable defense, and advising him not to testify in his own defense.

The district court correctly determined that even if the trial counsel would have filed more discovery motions, and presented a different defense, Doan has not established that, but for his counsel's advice not to testify, there is a reasonable probability that the outcome would have been different since his proffered testimony would have resulted in the same second degree murder conviction. *Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring that a petitioner demonstrate his counsel was ineffective by establishing that his counsel's deficient performance prejudiced his defense).

Because trial counsel's alleged deficient performance did not affect the outcome of the trial, the district court properly determined that Doan failed to demonstrate that trial counsel was ineffective. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that petitioners are entitled to habeas relief only if a trial-type error, in light of the record as a whole, had a substantial and injurious effect or influence on the jury's verdict). Accordingly, the district court properly denied Doan's habeas petition. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied*, 537 U.S. 1149, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to address Doan's other claims since they are not encompassed in the certificate of appealability. *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

