**Jonathan NORMAN, Petitioner—Appellant,**

v.

**George GALAZA, Warden; et al., Respondents—Appellees.**

No. 03–55735.

D.C. No. CV–02–01742–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Decided Feb. 12, 2004.

Anthony A. DeCorso, Beck, Decorso, Daly, Barrera & Kreindler, Los Angeles, CA, for Petitioner–Appellant.

Chung L. Mar, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before WALLACE, CANBY, and THOMAS, Circuit Judges.

---

MEMORANDUM *

California state prisoner Jonathan Norman appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of stalking in violation of California Penal Code § 646.9. The jury found that Norman had been convicted twice before for assault with a deadly weapon (CAL.PENAL CODE § 1170.12(a)-(d) (1997)); the Los Angeles Superior Court therefore sentenced Norman on June 17, 1998 to a term of twenty-five years to life in Corcoran State Prison, under California's "Three Strikes" law, CAL.PENAL CODE § 667(b).

Norman claims that his conviction violated due process, because there was insufficient evidence to prove beyond a reasonable doubt each element of the stalking offense under section 646.9.

Under the Antiterrorism and Effective Death Penalty Act of 1996, our standard of habeas review on appeal is significantly deferential to the judgment of the State court. *See* 28 U.S.C. § 2254(d). We may not grant a petition as to any claim adjudicated upon the merits in State court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *Id.; see Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (holding that this standard "demands that state court decisions be given the benefit of the doubt").

Where the sufficiency of the evidence to support a defendant's conviction is challenged, we view the evidence in the light most favorable to the prosecution in order to determine whether there was enough evidence to convince any rational trier of fact that each element of the offense had been proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). We will not inquire as to whether there merely was evidence from which a jury could have reached a different conclusion as such, nor will we reweigh evidence or reassess the credibility of witnesses. *See id.*

Further, on federal habeas review, we cannot revisit the California Supreme Court's construction of state law on these issues on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Distilled to its essence, Petitioner's claim is founded on his belief that the California Court of Appeal misconstrued the criminal statute at issue in this case. However, we are precluded from second-guessing their construction of a state criminal statute on federal habeas review. *Id.*

We have carefully reviewed the record. Given the applicable state law, as interpreted by the California Court of Appeal, and viewing the evidence in this case in the light most favorable to the prosecution, the judgment of the district court must be affirmed. The California Court of Appeal's conclusion that there was sufficient evidence to sustain the verdict was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. It did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

State court proceedings. Thus, the district court correctly denied the federal habeas petition.

**AFFIRMED.**