**Willard BIRTS, Jr., Petitioner–Appellant,**

v.

**D.L. RUNNELS, Warden, Respondent–Appellee.**

No. 03–16469.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

Willard Birts, Jr., Susanville, CA, pro se.

Peggy S. Ruffra, Esq., Office of the Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

Appellant Willard Birts appeals the denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. We granted a certificate of appealability limited to the following issue: Whether Birts' federal constitutional rights were violated when the state trial court allowed the state to amend the indictment after the jury was discharged to add a third prior conviction for the purposes of California's three-strikes law.

---

**1.** Khan's motion to extend the time to file his reply brief is denied as moot.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I

We review de novo the district court's denial of Birts' petition. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir.2000) (en banc). Under the Antiterrorism and Effective Death Penalty Act of 1996, we may not grant federal habeas relief unless we conclude that the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Clark v. Murphy*, 331 F.3d 1062, 1068 (9th Cir.2002). The Supreme Court has stated that § 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curium).

## II

An indictment must set forth each element of the crime charged. *Almendarez–Torres v. United States*, 523 U.S. 224, 228, 243–44, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The Constitution does not require the government to include prior convictions it intends to use solely for sentencing purposes. *Id.* (stating that recidivism is not an element of the offense). The state trial court did not violate federal law when, after discharging the jury, it allowed amendment of the indictment to include an additional prior conviction related only to sentencing.

Furthermore, Birts has no federal constitutional right to a jury trial on a contested prior conviction where the prior conviction is used as a sentencing factor pursuant to a state recidivism law. *Dretke v. Haley*, —— U.S. ——, ——, 124 S.Ct. 1847, 1853, —— L.Ed.2d ——, —— (2004) (citing *Almendarez–Torres*, 523 U.S. at 228, 118 S.Ct. 1219).

The state trial court's decision permitting the government's amendment of the indictment was not contrary to federal law.

AFFIRMED.