**Ricky D. SUTTON, Petitioner–Appellant,**

v.

**Jean HILL, Superintendent, Respondent–Appellee.**

No. 06–35105.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Caroline Davidson, AFPD, FPDOR— Federal Public Defender's Office, Christine Dahl Stebbins, Esq., Portland, OR, for Petitioner–Appellant.

Jennifer S. Lloyd, Esq., Salem, OR, for Respondent–Appellee.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

### MEMORANDUM **

Oregon state prisoner Ricky D. Sutton appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction for sexual abuse and sodomy. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Sutton contends that he received ineffective assistance of trial counsel because counsel failed to interview potential witnesses who would have testified at trial and because counsel failed to maintain adequate contact with him prior to trial. A review of the record reveals that Sutton has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, Sutton has not shown that trial counsel was inadequately prepared for trial as a result of not maintaining adequate contact with him prior to trial. *See id.* Therefore, the state court's conclusion that Sutton was not prejudiced by the alleged ineffective assistance was not contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 24–25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam) (state court decision not contrary to federal law when *Strickland* standard was correctly articulated, notwithstanding subsequent incomplete statement of the *Strickland* standard).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.