# WOODFORD, WARDEN *v.* VISCIOTTI

No. 02–137.   Decided November 4, 2002

PER CURIAM.

The United States Court of Appeals for the Ninth Circuit affirmed the grant of habeas relief to respondent John Visciotti after concluding that he had been prejudiced by ineffective assistance of counsel at trial. 288 F. 3d 1097 (2002). Because this decision exceeds the limits imposed on federal habeas review by 28 U. S. C. § 2254(d), we reverse.

I

Respondent and a co-worker, Brian Hefner, devised a plan to rob two fellow employees, Timothy Dykstra and Michael Wolbert, on November 8, 1982, their payday. They invited the pair to join them at a party. As the four were driving to that supposed destination in Wolbert's car, respondent asked Wolbert to stop in a remote area so that he could relieve himself. When all four men had left the car, respondent pulled a gun, demanded the victims' wallets (which turned out to be almost empty), and got Wolbert to tell him where in the car the cash was hidden. After Hefner had retrieved the cash, respondent walked over to the seated Dykstra and killed him with a shot in the chest from a distance of three or four feet. Respondent then raised the gun in both hands and shot Wolbert three times, in the torso and left shoulder, and finally, from a distance of about two feet, in the left eye. Respondent and Hefner fled the scene in Wolbert's car. Wolbert miraculously survived to testify against them.

Respondent was convicted by a California jury of first-degree murder, attempted murder, and armed robbery, with a special-circumstance finding that the murder was committed during the commission of a robbery. The same jury determined that respondent should suffer death. The California Supreme Court affirmed the conviction and sentence. *People* v. *Visciotti*, 2 Cal. 4th 1, 825 P. 2d 388 (1992).

Respondent filed a petition for a writ of habeas corpus in the California Supreme Court, alleging ineffective assistance of counsel. That court appointed a referee to hold an evidentiary hearing and make findings of fact—after which, and after briefing on the merits, it denied the petition in a lengthy opinion. *In re Visciotti*, 14 Cal. 4th 325, 926 P. 2d 987 (1996). The California Supreme Court assumed that respondent's trial counsel provided constitutionally inadequate representation during the penalty phase, but concluded that this did not prejudice the jury's sentencing decision. *Id.*, at 353, 356–357, 926 P. 2d, at 1004, 1006.

Respondent filed a federal habeas petition in the United States District Court for the Central District of California. That court determined that respondent had been denied effective assistance of counsel during the penalty phase of his trial, and granted the habeas petition as to his sentence. The State appealed to the Court of Appeals for the Ninth Circuit.

The Court of Appeals correctly observed that a federal habeas application can only be granted if it meets the requirements of 28 U. S. C. § 2254(d), which provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The Court of Appeals found that the California Supreme Court decision ran afoul of both the "contrary to" and the

"unreasonable application" conditions of § 2254(d)(1), and affirmed the District Court's grant of relief. See 288 F. 3d, at 1118–1119. The State of California petitioned for a writ of certiorari, which we now grant along with respondent's motion for leave to proceed *in forma pauperis.*

## II

### A

We consider first the Ninth Circuit's holding that the California Supreme Court's decision was "contrary to" our decision in *Strickland* v. *Washington,* 466 U. S. 668 (1984). *Strickland* held that to prove prejudice the defendant must establish a *"reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.,* at 694 (emphasis added); it specifically rejected the proposition that the defendant had to prove it more likely than not that the outcome would have been altered, *id.,* at 693. The Court of Appeals read the State Supreme Court opinion in this case as applying the latter test— as requiring respondent to prove, by a preponderance of the evidence, that the result of the sentencing proceedings would have been different. See 288 F. 3d, at 1108–1109. That is, in our view, a mischaracterization of the state-court opinion, which expressed and applied the proper standard for evaluating prejudice.

The California Supreme Court began its analysis of the prejudice inquiry by setting forth the "reasonable probability" criterion, with a citation of the relevant passage in *Strickland;* and it proceeded to state that "[t]he question we must answer is whether there is a reasonable probability that, but for counsel's errors and omissions, the sentencing authority would have found that the balance of aggravating and mitigating factors did not warrant imposition of the death penalty," again with a citation of *Strickland. In re Visciotti,* 14 Cal. 4th, at 352, 926 P. 2d, at 1003 (citing *Strickland, supra,* at 696). Twice, the court framed its inquiry as

turning on whether there was a "reasonable probability" that the sentencing jury would have reached a more favorable penalty-phase verdict. 14 Cal. 4th, at 352, 353, 926 P. 2d, at 1003, 1004. The following passage, moreover, was central to the California Supreme Court's analysis:

> "In *In re Fields,* . . . we addressed the process by which the court assesses prejudice at the penalty phase of a capital trial at which counsel was, allegedly, incompetent in failing to present mitigating evidence: 'What kind of evidentiary showing will undermine confidence in the outcome of a penalty trial that has resulted in a death verdict? *Strickland* . . . and the cases it cites offer some guidance. *United States* v. *Agurs* . . . , the first case cited by *Strickland,* spoke of evidence which raised a reasonable doubt, although not necessarily of such character as to create a substantial likelihood of acquittal. . . . *United States* v. *Valenzuela-Bernal* . . . , the second case cited by *Strickland,* referred to evidence which is "material and favorable . . . in ways not merely cumulative. . . ."'" *Id.,* at 353–354, 926 P. 2d, at 1004.

"Undermin[ing] confidence in the outcome" is exactly *Strickland*'s description of what is meant by the "reasonable probability" standard. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland, supra,* at 694.

Despite all these citations of, and quotations from, *Strickland,* the Ninth Circuit concluded that the California Supreme Court had held respondent to a standard of proof higher than what that case prescribes for one reason: in three places (there was in fact a fourth) the opinion used the term "probable" without the modifier "reasonably." 288 F. 3d, at 1108–1109, and n. 11. This was error. The California Supreme Court's opinion painstakingly describes the *Strickland* standard. Its occasional shorthand reference to that

standard by use of the term "probable" without the modifier may perhaps be imprecise, but if so it can no more be considered a repudiation of the standard than can this Court's own occasional indulgence in the same imprecision. See *Mickens* v. *Taylor*, 535 U. S. 162, 166 (2002) ("probable effect upon the outcome"); *Williams* v. *Taylor*, 529 U. S. 362, 393 (2000) ("probably affected the outcome").

The Court of Appeals made no effort to reconcile the state court's use of the term "probable" with its use, elsewhere, of *Strickland*'s term "reasonably probable," nor did it even acknowledge, much less discuss, the California Supreme Court's proper framing of the question as whether the evidence "undermines confidence" in the outcome of the sentencing proceeding. This readiness to attribute error is inconsistent with the presumption that state courts know and follow the law. See, *e. g.*, *Parker* v. *Dugger*, 498 U. S. 308, 314–316 (1991); *Walton* v. *Arizona*, 497 U. S. 639, 653 (1990), overruled on other grounds, *Ring* v. *Arizona*, 536 U. S. 584 (2002); *LaVallee* v. *Delle Rose*, 410 U. S. 690, 694–695 (1973) *(per curiam)*. It is also incompatible with § 2254(d)'s "highly deferential standard for evaluating state-court rulings," *Lindh* v. *Murphy*, 521 U. S. 320, 333, n. 7 (1997), which demands that state-court decisions be given the benefit of the doubt.

### B

The Court of Appeals also held that, regardless of whether the California Supreme Court applied the proper standard for determining prejudice under *Strickland*, its decision involved an unreasonable application of our clearly established precedents. 288 F. 3d, at 1118. Specifically, the Ninth Circuit concluded that the determination that Visciotti suffered no prejudice as a result of his trial counsel's deficiencies was "objectively unreasonable." *Ibid.* Under § 2254(d)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied

*Strickland* incorrectly. See *Bell* v. *Cone*, 535 U. S. 685, 698–699 (2002); *Williams, supra,* at 411. Rather, it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An *"unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams, supra,* at 410; see *Bell, supra,* at 694. The Ninth Circuit did not observe this distinction, but ultimately substituted its own judgment for that of the state court, in contravention of 28 U. S. C. §2254(d).

The Ninth Circuit based its conclusion of "objective unreasonableness" upon its perception (1) that the California Supreme Court failed to "take into account" the totality of the available mitigating evidence, and "to consider" the prejudicial impact of certain of counsel's actions, and (2) that the "aggravating factors were not overwhelming." 288 F. 3d, at 1118. There is no support for the first of these contentions. All of the mitigating evidence, and all of counsel's prejudicial actions, that the Ninth Circuit specifically referred to as having been left out of account or consideration were in fact described in the California Supreme Court's lengthy and careful opinion. The Court of Appeals asserted that the California Supreme Court "completely ignored the mitigating effect of Visciotti's brain damage," and failed to consider the prejudicial effect of counsel's "multiple concessions during closing argument." *Ibid.* However, the California Supreme Court specifically considered the fact that an expert "had testified at the guilt phase that [Visciotti] had a minimal brain injury of a type associated with impulse disorder and learning disorder." *In re Visciotti,* 14 Cal. 4th, at 354, 926 P. 2d, at 1004. And it noted that under the trial court's instructions, this and other evidence that had been introduced "might have been considered mitigating at the penalty phase," despite trial counsel's concessions during closing argument. *Ibid.*

The California Supreme Court then focused on counsel's failure to introduce mitigating evidence about respondent's background, including expert testimony that could have been presented about his "growing up in a dysfunctional family in which he suffered continual psychological abuse." *Id.*, at 355, 926 P. 2d, at 1005. This discussion referred back to a lengthy, detailed discussion about the undiscovered mitigating evidence that trial counsel might have presented during the penalty phase. See *id.*, at 341–345, 926 P. 2d, at 996–998. The California Supreme Court concluded that despite the failure to present evidence of respondent's "troubled family background," *id.*, at 355, 926 P. 2d, at 1005, which included his being "berated," being "markedly lacking in self-esteem and depressed," having been "born with club feet," having "feelings of inadequacy, incompetence, inferiority," and the like, moving "20 times" while he was growing up, and possibly suffering a "seizure disorder," *id.*, at 341–343, 926 P. 2d, at 996–998, the aggravating factors were overwhelming. In the state court's judgment, the circumstances of the crime (a cold-blooded execution-style killing of one victim and attempted execution-style killing of another, both during the course of a preplanned armed robbery) coupled with the aggravating evidence of prior offenses (the knifing of one man, and the stabbing of a pregnant woman as she lay in bed trying to protect her unborn baby) was devastating. See *id.*, at 355, 926 P. 2d, at 1005; see also *People* v. *Visciotti*, 2 Cal. 4th, at 33–34, 825 P. 2d, at 402. The California Supreme Court found these aggravating factors to be so severe that it concluded respondent suffered no prejudice from trial counsel's (assumed) inadequacy. *In re Visciotti, supra*, at 355, 926 P. 2d, at 1005.

The Court of Appeals disagreed with this assessment, suggesting that the fact that the jury deliberated for a full day and requested additional guidance on the meaning of "moral justification" and "extreme duress" meant that the "aggravating factors were not overwhelming." 288 F. 3d, at 1118.

Perhaps so. However, "under §2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly." *Bell*, 535 U. S., at 699. The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable. It is not that here. Whether or not we would reach the same conclusion as the California Supreme Court, "we think at the very least that the state court's contrary assessment was not 'unreasonable.'" *Id.*, at 701. Habeas relief is therefore not permissible under §2254(d).

\*     \*     \*

The judgment of the Court of Appeals for the Ninth Circuit is

*Reversed.*