**Jose A. ESPINOZA, Petitioner–Appellant,**

v.

**Cheryl K. PLILER, Respondent–Appellee.**

No. 02–16530.

D.C. No. CV–98–01507–FCD/DAD.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 10, 2003.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

California state prisoner Jose A. Espinoza appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction and fifteen year-to-life term for first degree murder and use of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Espinoza contends that the prosecutor committed misconduct by twice referring to gangs, in violation of a ruling in limine. Even assuming that the prosecution's comments were improper, Espinoza has not demonstrated that the references "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Espinoza also contends that counsel's failure to file a motion to suppress evidence of a bullet casing constituted ineffective assistance. Espinoza has failed to show either that counsel's strategy was outside the wide range of reasonable assistance, or that the trial's outcome would have differed had the suppression motion been made. *See Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Furman v. Wood*, 190 F.3d 1002, 1007 (9th Cir.1999) (applying deferential standard).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Therefore, the district court properly denied habeas relief on Espinoza's claims. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied*, —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

### AFFIRMED.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

