Shawn HAWK, Petitioner–Appellant,

v.

Roy A. CASTRO, Respondent–Appellee.

No. 02–56160.
D.C. No. CV–98–02470–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

### MEMORANDUM**

Shawn Hawk, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for first degree murder and conspiracy to commit murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Hawk first contends that the prosecutor knowingly used false testimony by putting Deborah Cremeans on the stand, because the prosecutor believed she was not completely truthful. This contention lacks merit. Hawk fails to demonstrate that the prosecutor actually knew which of Deborah Cremeans' statements were untruthful. *See United States v. Sherlock,* 962 F.2d 1349, 1364 (9th Cir.1989). Moreover, the prosecutor at closing argument openly discredited the specific statements which he believed untruthful. As such, he did not knowingly use perjured testimony to gain the conviction. *See United States v. Bagley,* 473 U.S. 667, 678–79, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Hawk raises several additional claims of prosecutorial misconduct, but fails to show that the prosecutor's statements were improper, much less "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). The prosecutor "did not manipulate or misstate the evidence, nor . . . implicate other specific rights of the accused such as the right to counsel or the right to remain silent." *Id.* at 182–83. The district court properly concluded that, at most, the prosecutor argued reasonable inferences supported by the facts, challenged the credibility of defense counsel's argument, and asserted that Hawk was lying, none of which were improper. *See United States v. Birges,* 723 F.2d 666, 672 (9th Cir.1984); *Williams v. Borg,* 139 F.3d 737, 745 (9th Cir.1998) (stating that a prosecutor is entitled to challenge credibility of defense counsel's argument and may characterize a defense argument with an epithet as well as a rebuttal). Accordingly, the state court's determination that no prosecutorial misconduct occurred was not unreasonable. *See Darden,* 477 U.S. at 181.

Hawk next contends that the prosecutor's use during trial of prior tape-recorded interviews from an unrelated case, in which Hawk voluntarily gave information to sheriff's deputies about the murder at issue here, violated his privilege against self-incrimination. We are unpersuaded. Hawk's interviews were taken pursuant to a plea agreement, entered into voluntarily, in which Hawk promised to provide full, candid, and complete cooperation to the authorities in their investigation of the murder at issue here. *See Minnesota v. Murphy,* 465 U.S. 420, 427, 104

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 1136, 79 L.Ed.2d 409 (1984) (stating general rule that Fifth Amendment privilege speaks of compulsion and does not apply when witness testifies voluntarily). Moreover, Hawk waived his privilege against self-incrimination prior to the interviews and, contrary to his assertions, he would not have faced the threat of revocation of probation or the loss of any other liberty by attempting to assert the privilege. *Cf. Murphy,* 465 U.S. at 427, 436 (discussing exception to general rule where assertion of privilege is penalized, in the context of probation conditions requiring the respondent to appear and give testimony). Accordingly, Hawk's reliance on *Murphy* on this point is unavailing.

■ Hawk further contends that the evidence presented was insufficient to prove a conspiracy existed, and to prove intent to murder. This contention is belied by the facts. Hawk borrowed the car as well as the gun used in the murder; he and Deborah Cremeans practiced shooting with it; Ms. Cremeans testified that Hawk shot the victim; and further testimony at trial established that Ms. Cremeans told a friend that she and Hawk were going to kill the victim. Viewed in the light most favorable to the state, this evidence is more than sufficient for a rational trier of fact to find the essential elements of the crimes beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Finally, Hawk claims that trial counsel was ineffective for failing to: (1) object to the prosecutorial misconduct alleged; (2) raise a motion to suppress the tape-recorded interviews; and (3) argue more vigorously the motion to dismiss the conspiracy charge. These arguments are not persuasive. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Rupe v. Wood,* 93 F.3d 1434, 1445 (9th Cir.1996) (holding that defendant suffers no prejudice from counsel's alleged failures when there is no reasonable probability that he would have prevailed on the issues had they been raised). Accordingly, the district court properly denied Hawk's petition. *See Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied,* —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**