**Alvin Ray JOHNSON, Plaintiff—Appellant,**

v.

**Cheryl K. PLILER, Warden, Defendant—Appellee.**

**No. 01–16461.**

**D.C. No. CV–99–00194–MJJ.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 25, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

California State prisoner Alvin Ray Johnson appeals pro se the denial of his 28 U.S.C. § 2254 petition challenging this "three-strikes" sentence for selling or furnishing cocaine with five prior qualifying felony convictions. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Johnson contends that his 25 years to life sentence under California's "three-strikes" law for selling or furnishing cocaine, in violation of Cal. Health & Safety Code § 11352(a), violates the Eighth Amendment guarantee against cruel and unusual punishment. This contention is foreclosed by the Supreme Court's recent decisions in *Ewing v. California*, —— U.S. ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (noting the broad discretion possessed by legislatures and holding that petitioner's 25 years to life sentence under the California "three-strikes" law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment), and *Lockyer v. Andrade*, —— U.S. ——, 123 S.Ct. 1166, 1174–75, 155 L.Ed.2d 144 (2003) (affirmance of two consecutive 25-years to life sentences for petty theft was

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

not contrary to or an unreasonable application of clearly established federal law).

Accordingly, the district court properly denied Johnson's petition. *See* § 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (deciding that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied,* —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.