Tom William ANDREWS,
Petitioner–Appellant,

v.

Gail LEWIS, Warden, et al.,
Respondents–Appellees.

No. 00–56282.

D.C. No. CV–97–09187–NMM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 25, 2003.

Before RYMER, KLEINFELD and
FISHER, Circuit Judges.

MEMORANDUM**

California state prisoner Tom William Andrews appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his sentence for petty theft with a prior. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Andrews contends that his sentence of 28–years–to–life under California's three strikes law, California Penal Code section 667, constitutes cruel and unusual punishment. This contention was recently foreclosed by the Supreme Court's decisions in *Lockyer v. Andrade*, —— U.S. ——, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (holding that a state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to, or an unreasonable application of, clearly established Federal law), and *Ewing v. California*, —— U.S. ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 105 (2003) (holding that petitioner's 25–years–to–life sentence under the California three strikes law did not violate the Eighth Amendment's prohibition against cruel and unusual punishment).

Therefore, it was not an unreasonable application of Federal law for the California courts to affirm Andrews' 28–years–to–life sentence, and the district court properly denied his petition. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied*, —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Andrews' request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Andrews' motion for a broader certificate of appealability, filed on March 7, 2001, is denied. Appellee's motion for summary affirmance, filed on March 26, 2003, is denied as moot.