**Ray A. JOHNSON, Petitioner–
Appellant,**

v.

**Claude E. FINN, et al., Respondents–
Appellees.**

**No. 02–15349.**
**D.C. No. CV–00–06812–HGB.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided April 25, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

### MEMORANDUM**

California state prisoner Ray A. Johnson appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his sentence for first degree residential burglary and petty theft with a prior, in violation of Cal.Penal Code §§ 459 and 688/488. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Johnson contends that his 25 years to life plus ten years sentence under California's three strikes law, Cal.Penal Code Ann. § 667 (West 1999), constitutes cruel and unusual punishment. This contention was recently foreclosed by the Supreme Court's decisions in *Lockyer v. Andrade,* —— U.S. ——, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (holding that a state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to, or an unreasonable application of, clearly established Federal law), and *Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (holding that petitioner's 25 years to life sentence under the California three strikes law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment).

Therefore, it was not an unreasonable application of Federal law for the California courts to affirm Johnson's sentence, and the district court properly denied his petition. *See* § 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (deciding that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied,* —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

