**Kourosh Eddie EHTESHAMI,**
**Petitioner–Appellant,**

v.

**Eugenio SUAREZ, et al., Respondents–**
**Appellees.**

No. 06–55865.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 9, 2007.

---

Kourosh Eddie Ehteshami, Tarzana, CA, pro se.

---

Richard A. Levy, Esq., Torrance, CA, for Petitioner–Appellant.

Margaret E. Maxwell, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: BYBEE and M. SMITH, Circuit Judges, and MILLS,* District Judge.

### MEMORANDUM **

Petitioner Kourosh Eddie Ehteshami ("Ehteshami") was convicted of possessing and furnishing methamphetamine and opium to minors in violation of California law. He now seeks habeas relief. The facts and the rest of the procedural history are familiar to the parties, and we do not repeat them here.

This court reviews the denial of a habeas petition *de novo*. *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir.2006). A petitioner in custody pursuant to a state court judgment is entitled to relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") where the state court judgment "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This is a " 'highly deferential standard for evaluating state-court rulings,' . . . which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (quoting *Lindh v. Murphy*, 521 U.S.

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

320, 333 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). A petition may be granted under the "contrary to" clause where "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A petition may be granted under the "unreasonable application" clause where "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495.

For AEDPA purposes, Supreme Court jurisprudence provides the only relevant source of clearly established law, *id.* at 412, 120 S.Ct. 1495, although circuit precedent may be used as "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law," and in ascertaining "what law is 'clearly established.'" *Duhaime v. Ducharme*, 200 F.3d 597, 600–01 (9th Cir. 2000).

■ Undeterred by these daunting standards, Ehteshami asserts his right to either habeas relief or a remand for an *in camera* hearing based on two grounds. First, he argues that the state trial court unreasonably applied clearly established federal law by refusing to hold an *in camera* hearing to determine whether the identities of the confidential informants should be disclosed. Under AEDPA, however, the federal law that is unreasonably applied must come from the Supreme Court. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412, 120 S.Ct. 1495. Since the Supreme Court has never addressed the issue of when courts should hold *in cam-*

*era* hearings on the propriety of disclosing confidential informants' identities, the state courts lacked a Supreme Court standard to unreasonably apply. As such, relief on this ground is unavailable.

■ Ehteshami also argues that the state trial court's refusal to disclose the identities of the confidential informants was both contrary to and an unreasonable application of clearly established federal law. Again, for AEDPA purposes, this court must look to Supreme Court precedent alone. *Williams*, 529 U.S. at 412, 120 S.Ct. 1495. In this case, that precedent is *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In *Roviaro*, the Supreme Court set the standards for determining whether the disclosure of an informant's identity is required. *Id.* Importantly, the Court rejected any "fixed rule" and instead fashioned a test that "balanc[es] the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62, 77 S.Ct. 623. Given the discretion afforded by this broad balancing test, Ehteshami has a heavy burden in showing an unreasonable application. In this case, the trial court simply made a judgment call in balancing Ehteshami's need for disclosure against the public interest in protecting the identities of confidential informants. Considering Ehteshami's minimal showing of relevance, the trial court's assessment did not constitute an unreasonable application of *Roviaro*'s balancing test.

Nor has Ehteshami succeeded in showing that the trial court's decision was materially indistinguishable from, and therefore contrary to, *Roviaro*. See 28 U.S.C. § 2254(d)(1). Indeed, this case is easily distinguishable. In *Roviaro*, the defendant requested the disclosure of the identity of a confidential informant who was the sole participant in the crime (other than

the accused), the only witness who could amplify or contradict the testimony of government witnesses, and who was unknown to the defendant. *Roviaro,* 353 U.S. at 64–65, 77 S.Ct. 623. In contrast, the confidential informants in this case were certainly not the sole participants in the crime or the only witnesses. In fact, no evidence shows they were anything more than mere tipsters. Further, defendant's theory hinges on one of the informants being an employee, and thus the informant would not be unknown to him. As such, the trial court's decision was not contrary to *Roviaro* for AEDPA purposes.

For these reasons, Petitioner Ehteshami is not entitled to habeas relief under the standards set by AEDPA.

**AFFIRMED.**