FILED

MAY 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MICHAEL LEON, | No. 09-15897 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-05719-CRB |
| v. | |
| JAMES A. YATES, Warden, Pleasant Valley State Prison; JAMES E. TILTON, Director, CDOC, | MEMORANDUM[*] |
| Respondents - Appellees, | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted May 11, 2010[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT, Senior District Judge.[***]

David Leon appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo the district court's decision to deny a habeas petition and review its factual findings for clear error. McMurtrey v. Ryan, 539 F.3d 1112, 1118 (9th Cir. 2008). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas may only be granted if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2). The standard of review is "highly deferential . . . [and] demands that state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

Leon was not denied his rights to due process or a fair trial or to present a defense when the trial court excluded evidence of third-party culpability. The evidence Leon wanted to present was extraordinarily vague and tenuous, and its exclusion was therefore not contrary to nor an unreasonable application of federal

_____

[***] The Honorable Patricia C. Fawsett, United States Senior District Judge for the Middle District of Florida, sitting by designation.

2

law.  The "slow nod" evidence is not probative, especially considering that William Wall later said he was not sure if Blaine Buscher knew he was referring to the murder victim, nor if Buscher's nod indicated his responsibility for the murder. The other evidence about a man with a green army jacket was also too attenuated to be probative.

The dismissal of Juror No. 6 during deliberation for not being truthful during voir dire did not violate Leon's constitutional rights.  Under the AEDPA, unless Leon can prove otherwise by clear and convincing evidence, the trial judge's factual findings as to the bases for the dismissal are entitled to a presumption of correctness.  We agree with the district court that Leon cannot clear this hurdle, especially in light of the other jurors' testimony indicating Juror No. 6's strong bias and his answers to the voir dire questions in which he affirmed that he had no bias for or against police officers.

To demonstrate ineffective assistance of appellate counsel, Leon must show that counsel's representation was objectively unreasonable and that this deficient performance prejudiced him in his appeal.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Leon did not demonstrate that his appellate counsel's conduct was objectively unreasonable, or that he was prejudiced by his counsel's conduct. The strategy was not objectively unreasonable because People v. Son, 79 Cal. App.

4th 224, 240-241 (Cal. Ct. App. 2000), precludes the argument that the trial court should have admitted the testimony; there were other issues that were stronger, and winnowing out weaker arguments is a hallmark of effective appellate advocacy; appellate counsel's review of the tape of the testimony led her to conclude that the statement was not coerced; and the expert testimony only went to the weight of the evidence, not admission of the evidence, and the allegedly coerced statement was later recanted by the witness. In any event, Leon was not prejudiced by his counsel, as evidence of Leon's guilt was substantial and the reliability of his father's testimony was thoroughly challenged at trial by counsel.

Although the district court did not certify Leon's final question, we certify the question and hold that Leon was not denied due process and his right to juvenile adjudication by a 17-year pre-accusation delay. He demonstrated no actual prejudice resulting from the delay. All of the allegedly lost evidence and testimony was purely speculative and not critical to his defense. Despite the delay, the trial court conducted a fitness hearing, and found Leon unfit to be tried as a juvenile. Given that the murder occurred only one week before Leon's eighteenth birthday, and that the presumption in murder cases is that a minor will be unfit for juvenile adjudication, the state court's conclusion was not contrary to nor an unreasonable application of federal law.

4

**AFFIRMED.**