**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE L. FRANZEN, | No. 09-17077 |
| Petitioner - Appellant, | D.C. No. 3:00-cv-00637-ECR-RAM |
| v. | |
| E.K. MCDANIEL, Warden; FRANKIE S. DEL PAPA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted December 7, 2010
San Francisco, California

Before: D.W. NELSON, THOMPSON, and McKEOWN, Circuit Judges.

Bruce Franzen appeals from the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition.  We review de novo the district court's decision to

deny a habeas petition and review its factual findings for clear error.  McMurtrey v.

Ryan, 539 F.3d 1112, 1118 (9th Cir. 2008).  Under the Antiterrorism and Effective

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Death Penalty Act of 1996 ("AEDPA"), federal habeas relief may only be granted if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The standard of review is "highly deferential . . . [and] demands that state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

Because the Nevada Supreme Court relied on an improper harmless error standard, we "revert to the independent harmless error analysis that we would apply had there been no state court holding." See Inthavong v. Lamarque, 420 F.3d 1055, 1059 (9th Cir. 2005). We acknowledge that several of the prosecutor's comments during closing arguments may have constituted prosecutorial misconduct. However, in light of the evidence of Franzen's guilt, we conclude that the prosecutor's improper remarks, whether viewed individually or cumulatively, did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks omitted).

We decline to expand the certificate of appealability with respect to Franzen's claims that were not certified by the district court.

**AFFIRMED.**