**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIGUEL TRIMBLE,

        Petitioner–Appellant,

v.

TRAVIS TRANI; JOHN SUTHERS, the
Attorney General of the State of
Colorado,

        Respondents–Appellees.

No. 11-1407
(D.C. No. 1:09-CV-01943-REB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

_____

      Miguel Trimble, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

habeas petition. We deny a COA and dismiss the appeal.

**I**

      On October 10, 1999, Julian Lanier was fatally shot on a Denver street corner.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lanier and his friend had approached a stopped vehicle to inquire if the occupants wanted to buy or sell drugs. Lanier asked the occupants of the vehicle if they needed anything, to which a passenger replied "no." Lanier then stated that he wanted to "double up on 100," which meant that he wanted to buy one hundred dollars of crack cocaine. A passenger then exited the vehicle and held up a gun, at which point Lanier's friend fled the scene. As he was fleeing, Lanier's friend heard the vehicle's passenger say "Break yourself. You know what time it is." Lanier and the passenger then struggled, and Lanier was shot. The passenger got back in the vehicle, which quickly drove away. A high-speed chase with police ensued. The chase ended when the vehicle crashed into a fence, and Trimble was apprehended hiding in nearby bushes shortly after the accident.

Trimble was charged with felony murder and attempted aggravated robbery. The first two attempts to try Trimble ended in mistrial: the first because a witness, Patricia Patterson, revealed that Trimble was a drug dealer, and the second because of disruptions related to the terrorist attacks of September 11, 2001. After Trimble's third trial, the jury convicted him of both charges and the court sentenced him to life imprisonment without parole. His convictions were affirmed on appeal, and his attempts at post-conviction relief in Colorado state court were unsuccessful. Trimble then filed the instant petition, which the district court denied.

**II**

A petitioner must first obtain a COA before appealing the denial of a § 2254

petition. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). We liberally construe Trimble's pro se filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Because Colorado courts have adjudicated the merits of Trimble's claims, he is not entitled to habeas relief unless he can demonstrate that the state courts' resolution of his claims was either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under this highly deferential standard, we owe state court decisions "the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

## A

Trimble argues that he suffered from ineffective assistance of counsel, both at trial and on appeal. Ineffective assistance of counsel claims are governed by the familiar Strickland standard: To succeed, a petitioner must show (1) that his counsel's performance fell below a standard of objective reasonableness and (2) that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

- 3 -

The district court, like the Colorado courts, determined that Trimble's conclusory allegations failed to establish these elements. Although Trimble enumerated a lengthy list of alleged errors, the district court determined that he had failed to demonstrate either deficiency or prejudice for each of the alleged errors. In his application for a COA, Trimble does not argue that his petition made sufficient allegations to establish his ineffective assistance claim. Instead, he asserts only that a Colorado criminal procedure rule absolved him of the need to support his petition with factual averments. This reliance is mistaken, however, because state court rules do not dictate federal habeas standards. Trimble further argues that Colorado rules entitle him to an evidentiary hearing on this claim. But once more, the state standards relied upon by Trimble are not applicable in federal court. Moreover, it is clear that Trimble's petition did not meet the federal standard necessary to entitle a habeas petitioner to an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).

**B**

Trimble also argues that his right to testify in his own defense was unconstitutionally burdened. At trial, the prosecution indicated that if Trimble testified that he was not familiar with the murder weapon, it would impeach his denial with evidence that both he and the weapon were involved in a homicide four days before Lanier's murder. The trial court decided to allow this impeachment evidence over Trimble's objection. The court further concluded that it did not need to determine

- 4 -

whether that evidence ran afoul of Colorado's prohibition on "prior bad acts" evidence, see Colo. R. Evid. 404(b), because it was permissible under the impeachment rule, see Colo. R. Evid. 611(b). Trimble asserts that this ruling—allowing impeachment evidence suggesting Trimble's involvement in the prior homicide without a "prior bad acts" analysis—impermissibly burdened his constitutional right to testify in his own defense.

We can easily conclude that Trimble has failed to show that the Colorado courts unreasonably applied federal law. His application for a COA cites no federal case that supports his position; nor do we know of one. See Corbitt v. New Jersey, 439 U.S. 212, 218 (1978) ("[N]ot every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid."). Moreover, this court has upheld impeachment without a prior bad acts analysis under the identical federal rules. United States v. Rackley, 986 F.2d 1357, 1362-63 (10th Cir. 1993) (evidence of prior bad acts admitted for impeachment purposes under Fed. R. Evid. 611(b) does not require analysis under Rule 404(b)).

## C

Trimble also alleges error in the admission of two out-of-court statements made at the scene of the crime: a statement made by the victim ("Double up on 100") and a statement from an individual in the vehicle ("Break yourself. You know what time it is."). He argues that these statements were hearsay and their admission violated the Confrontation Clause of the Sixth Amendment.

The Confrontation Clause is implicated by the admission of an out-of-court statement only if that statement is testimonial. See Crawford v. Washington, 541 U.S. 36, 51-52 (2004). The Colorado Court of Appeals concluded that the statements were nonhearsay, i.e. non-testimonial, because they were not offered for the truth of the statements, but only to prove that the statements were made. Trimble has not shown that this holding was an unreasonable application of federal law.

**D**

Finally, Trimble alleges three related errors regarding the testimony of Patricia Patterson. Patterson's testimony that she had purchased drugs from Trimble in the past resulted in the first mistrial. On retrial, Patterson claimed that she did not remember key facts of the night of the crime, contradicting her previous statements and testimony. She also testified that she did not remember making statements to police regarding the crime. The prosecution then introduced those previous comments to police as prior inconsistent statements. As part of the introduction of these previous statements, a police officer testified that Patterson told them that she "was walking towards [them] to get more drugs." Trimble again moved for a mistrial based on this testimony, but the trial court denied his request.

Trimble claims that this introduction of Patterson's statements on retrial resulted in two constitutional violations. First, he argues that the testimony strongly implied that Trimble had sold drugs in the past. But again, Trimble fails to provide authority to show

that any resulting unfair prejudice amounted to a constitutional violation; instead, he argues only that it violated Colorado evidence law (an argument that the Colorado Court of Appeals rejected).

More substantially, Trimble argues that the introduction of Patterson's out-of-court statements violated the Confrontation Clause. The Colorado Court of Appeals held that Supreme Court precedent rendered the introduction of this testimony permissible. See United States v. Owens, 484 U.S. 554, 559-60 (1988) (holding that admission of prior statement of witness with faulty memory was permissible as long as defendant had opportunity to cross-examine). However, Trimble points out a factual distinction between his case and Owens: The witness in Owens was able to confirm that he had, in fact, made the prior identifying statement, even though he could not remember the basis for the identification. See id. at 555-56 ("This case requires us to determine whether . . . the Confrontation Clause . . . bars testimony concerning a prior, out-of-court identification when the identifying witness is unable, because of memory loss, to explain the basis for the identification." (emphasis added)). In contrast, Patterson testified that she was unable to remember even making her prior statements.

We see nothing in Owens to suggest that the witness' concession that he made the prior statement is dispositive. Moreover, the Owens Court expressly approved of a concurrence in an earlier case that reasoned "a witness' inability to . . . recollect the circumstances under which the statement was given, does not have Sixth Amendment

- 7 -

consequence." Id. at 558 (quoting California v. Green, 399 U.S. 149, 188 (1970) (Harlan, J., concurring)); see also Owens, 484 U.S. at 559 ("[W]e agree with the answer suggested 18 years ago by Justice Harlan."). As a result, we cannot conclude that the Colorado Court of Appeals' application of Owens was unreasonable.

Finally, Trimble claims error in the prosecution's failure to turn over a videotaped interview with Patterson until midway through the trial. Because Trimble did not raise this issue below, however, it is waived. Johnson v. Champion, 288 F.3d 1215, 1229 (10th Cir. 2002).

## III

Because Trimble has not shown that his petition's merits are debatable, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Trimble's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge