**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYNDALL DWAINE THOMPSON, | No. 16-15080 |
| Petitioner-Appellant, | D.C. No. 12-cv-00766-DCB |
| v. | |
| CHARLES L. RYAN, et al, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted October 17, 2017[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MCSHANE,[***] District Judge.

Lyndall Dwaine Thompson, an Arizona prisoner convicted of second-degree

murder, appeals the district court's denial of his application for a writ of *habeas*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

*corpus* under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Thompson's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). AEDPA establishes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal citations and quotations omitted). Under AEDPA, a federal court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court's decision was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

1. Because Thompson voluntarily waived his *Miranda* rights with respect to statements made to police on the night of the homicide, the state court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984) in concluding that Thompson's counsel was not ineffective for failing to move to suppress his custodial statements. *See Berghuis v. Thompkins*, 560 U.S. 370, 382-83 (2010) (the right to remain silent can be waived when the waiver is made knowingly and

voluntarily). And, given the police officers' consistent testimony regarding firearms found at the crime scene, the post-conviction relief court did not unreasonably apply *Strickland* in concluding Thompson's counsel's investigation and questioning was sound trial strategy and, in the alternative, Thompson failed to establish prejudice. *See Strickland*, 466 U.S. at 687-89.

2. Thompson also argues the PCR court unreasonably rejected his claim that the government used false evidence—in the form of an altered recording of his custodial statement—to secure his conviction. The two transcripts Thompson points to, however, both contain Thompson's full interview with the police. The government made one transcript from the recording of the interview while Thompson's attorney obtained the other. The PCR court reasonably found that any differences between the transcripts were minimal and due not to redactions, but to variations in formatting. Those findings are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, the redacted transcript prepared by the government was not admitted into evidence.

3. As there were no disputed material facts presented to the PCR court, the court "could have reasonably concluded that the evidence already adduced was sufficient to resolve" any factual questions related to Thompson's claims, and therefore that court's denial of Thompson's request for an evidentiary hearing was

3

not unreasonable. *Hibbler v.* Benedetti, 693 F.3d 1140, 1147 (9th Cir. 2012).

Likewise, as Thompson's petition could be resolved on the record, the district

court did not abuse its discretion in denying Thompson's request for an evidentiary

hearing. *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007); *Totten v. Merkle*, 137

F.3d 1172, 1176 (9th Cir. 1998).

**AFFIRMED**.