**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AHMED ALI,

               Petitioner-Appellant,

v.

RANDY GROUNDS, Warden; KAMALA
D. HARRIS, Attorney General,

               Respondents-Appellees.

No.   17-55457

D.C. No.
3:14-cv-00898-BAS-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted June 11, 2019[**]
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

    Petitioner Ahmed Ali appeals the district court's denial of his petition for

writ of habeas corpus. Ali was convicted of murder, attempted murder, shooting at

an inhabited structure or vehicle, being a felon in possession of a firearm, and

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

unlawfully possessing a firearm—all in connection with two shootings that occurred in San Diego in July 2008. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

1. Under AEDPA's "highly deferential" standard of review, *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation omitted), this court may grant habeas relief on a claim "adjudicated on the merits" in state court only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts" in light of the record before the state court, 28 U.S.C. § 2254(d).

2. The California Court of Appeal reasonably applied *Chambers v. Mississippi*, 410 U.S. 284 (1973), in upholding the trial court's exclusion of Marcus House's out-of-court statements. When a state court does not expressly address a constitutional argument in its written opinion, "a federal habeas court must presume that the federal claim was adjudicated on the merits" and apply AEDPA deference unless "unusual circumstances" rebut that presumption. *Johnson v. Williams*, 568 U.S. 289, 301–02 (2013). No such unusual circumstances exist here, as the applicable state-law evidentiary standard was "at least as protective as" the federal constitutional standard. *Id.* at 301; *see People v. Butler*, 209 P.3d 596, 610 (Cal. 2009) ("[T]he same lack of reliability that makes . . . statements

2

excludable under [California] law makes them excludable under the federal Constitution." (omission in original) (quoting *People v. Livaditis*, 831 P.2d 297, 309 (Cal. 1992))).

Under AEDPA, the California Court of Appeal did not act contrary to or unreasonably apply clearly established federal law. The relevant federal standard laid out in *Chambers* often requires that hearsay evidence be admitted, even if doing so were to contravene state evidence laws, where the evidence is critical to the defendant's case and sufficiently reliable. *Chambers*, 410 U.S. at 302. Although House's out-of-court statements were critical to Ali's defense, they lacked many of the indicia of reliability present in *Chambers*. Most significantly, Ali did not present any additional corroborating confessions or eyewitnesses. *Compare id.* at 292–94. We conclude that a court applying *Chambers* could reasonably uphold the exclusion of House's statement under state evidentiary rules.

3.     Ali is entitled to a certificate of appealability (COA) on his two remaining issues only if "jurists of reason could disagree with the district court's resolution of his constitutional claims or . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citation omitted); *see also* 28 U.S.C. § 2253(c)(2) (stating that a COA may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right"). We conclude that Ali has not made that showing here.

First, jurists of reason would agree with the district court's conclusion that the exclusion of Hunter Porter's statements was constitutionally permissible under *Chambers*. Porter's statements were less "critical" to Ali's defense than the evidence at issue in *Chambers* because they were cumulative of other impeachment evidence already presented at trial. Moreover, Porter's statements were not sufficiently reliable. Porter had a strong motive to lie and exonerate Ali, a fellow gang member, at the expense of Jesse Freeman, who had turned informant and fallen out of favor with the gang. Porter also knew that Freeman was dead and unable to contradict his assertions.

Second, even if Ali is correct that the state trial court violated his rights under *Mathews v. United States*, 485 U.S. 58, 63 (1988), by rejecting Ali's proposed jury instruction, jurists of reason would agree with the district court that habeas relief is unwarranted because any error was not prejudicial under *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993).

**AFFIRMED.**