**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE W. GIBBS, | No. 18-16043 |
| Petitioner-Appellant, | D.C. No. 2:11-cv-00750-KJD-CWH |
| v. | |
| ROBERT LEGRAND, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 24, 2019
San Francisco, California

Before: WALLACE and BRESS, Circuit Judges, and LASNIK,** District Judge.

George Gibbs appeals from the district court's denial of his 28 U.S.C. § 2254

habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

As relevant here, in his habeas appeal before the Nevada Supreme Court,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Gibbs argued that he was entitled to habeas relief because his trial counsel rendered ineffective assistance of counsel by failing to file a motion to sever drug charges from sexual assault charges. The Nevada Supreme Court agreed that Gibbs's counsel was "deficient for failing to move to sever the counts," but rejected Gibbs's ineffective assistance claim on the ground that Gibbs could not establish prejudice.

In his § 2254 petition before the district court, Gibbs argued, in part, that the Nevada Supreme Court's rejection of his ineffective assistance habeas claim was contrary to and an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). The district court denied Gibb's § 2254 petition, but issued a certificate of appealability as to that issue.

We review a district court's denial of habeas relief de novo. *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir.), *cert. denied* 139 S. Ct. 566 (2018). However, like the district court, we are "not called upon to decide the matter anew" because the Antiterrorism and Effective Death Penalty Act (AEDPA)[1] "establishes a highly deferential standard for reviewing state court determinations." *Lambert v. Blodgett*, 393 F.3d 943, 964–65 (9th Cir. 2004). When state courts have denied habeas relief, federal courts may grant relief "only when [the] state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). "The deferential

---

[1] Because Gibbs's federal petition was filed after April 24, 1996, we review it under the standards detailed in AEDPA. *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014) (citation omitted).

standard imposed under AEDPA cloaks a state court's determination with reasonableness, so long as 'fairminded jurists could disagree' as to whether a claim lacks merit." *Murray*, 745 F.3d 998. As is relevant here, AEDPA authorizes habeas relief if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Ineffective assistance claims are governed by *Strickland*, the holdings of which constitute "clearly established Federal law" for the purposes of AEDPA. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). To establish that counsel was ineffective under *Strickland*, a petitioner must demonstrate that "counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), *citing Strickland*, 466 U.S. at 687.

However, the "question before us is not whether we believe [Gibbs] suffered prejudice and the [Nevada] Supreme Court was incorrect in finding none; instead, we must ask whether the [Nevada] Supreme Court's determination of no prejudice was unreasonable—a substantially higher threshold." *Avena v. Chappell*, 932 F.3d 1237, 1250–51 (9th Cir. 2019) (citations and internal quotation marks omitted). In other words, Gibbs "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

3

disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Gibbs has not met this burden.

Although the Nevada Supreme Court cited the "substantial and injurious effect" test articulated in *Robins v. State*, 106 Nev. 611, 619 (1990), instead of the standard in *Strickland*,[2] AEDPA review does not "require citation" of Supreme Court cases by the state court—or even "awareness" of those cases—"so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Here, neither "the reasoning nor the result" of the Nevada Supreme Court's decision contradicts *Strickland*. The Nevada Supreme Court rested its no-prejudice holding on its conclusion that the evidence supporting the drug charges was "overwhelming." The existence of "overwhelming" evidence is an appropriate reason to conclude that no prejudice exists under *Strickland* because it supports the conclusion that there would be no "reasonable probability" of a different result absent counsel's error. *See Strickland*, 466 U.S. at 700 ("Given the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would have changed the conclusion . . . ."); *see also id.* at 696 ("[A] verdict or

---

[2] To establish prejudice under *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694.

4

conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support").

Moreover, an independent review of the record reveals that the Nevada Supreme Court's determination that the evidence against Gibbs was "overwhelming" was not "objectively unreasonable." For example, Detective Martin testified that Gibbs admitted to the police that "he had access" to a room containing a methamphetamine lab and other drug paraphernalia "and he could go back there to help with the cooking" of methamphetamine. In that room, police also located Gibbs's work ID and a letter mailed to Gibbs at the property's address.

In light of this and other evidence supporting the drug charges, Gibbs has not demonstrated that "the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Accordingly, the Nevada Supreme Court's decision cannot be characterized as objectively unreasonable, and the district court properly denied Gibbs's habeas petition.

**AFFIRMED**.