**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DERRICK COURTNEY,

        Petitioner - Appellant,

  v.

MIKE KNOWLES,

        Respondent - Appellee.

No. 09-16361

D.C. No. 2:07-cv-01045-MJP

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Marsha J. Pechman, District Judge, Presiding

Submitted May 11, 2010 [**]
San Francisco, California

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT, [***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Patricia C. Fawsett, Senior United States District Judge
for the Middle District of Florida, sitting by designation.

1

Derrick Courtney appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo a district court's decision to deny a habeas petition and review its factual findings for clear error. *McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief on a claim "adjudicated on the merits" in state court if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The standard of review is "highly deferential . . . [and] demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

Courtney and his codefendant Melvin Peete were tried jointly on charges of murder, robbery, and possession of a firearm by a convicted felon. Before trial, Courtney filed a motion for severance, citing Peete's videotaped pre-trial statement wherein Peete admitted to committing the alleged crimes and stated that Courtney participated in the criminal acts. The motion was denied as moot when the prosecutor indicated that he would not attempt to use Peete's pre-trial admission in his case-in-chief. Courtney unsuccessfully renewed the motion for severance when

Peete decided to testify. The prosecutor cross-examined Peete and impeached him with his videotaped pre-trial statement incriminating Courtney. When Peete was tendered for cross-examination by Courtney, Courtney chose not to cross-examine Peete. Courtney did not testify.

Courtney alleges that his due process rights were violated when the trial court denied his motions for severance. Courtney contends that, as a result of the denial of his severance motions, he was not afforded a meaningful opportunity to cross-examine Peete regarding Peete's videotaped pre-trial statement in violation of Courtney's Sixth and Fourteenth Amendment rights.

A defendant is deprived of his Sixth Amendment right to confront the witnesses against him when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial. *Bruton v. United States*, 391 U.S. 123, 135-36 (1968). On the other hand, "when the [codefendant] appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). In the present case, the Confrontation Clause was not implicated by the introduction of Peete's videotaped pretrial statement because Peete was tendered for cross-examination. *See Nelson v. O'Neil*, 402 U.S. 622, 629-30 (1971) ("We conclude that where a codefendant takes the stand in his own defense,

denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments."); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) (where declarant was available as a witness and subject to cross-examination, the admission of declarant's out-of-court statements did not violate defendant's Sixth Amendment rights). Courtney relies on dicta from *Nelson v. O'Neil*, 402 U.S. 630 (1971), suggesting that his Sixth and Fourteenth Amendment rights were violated because Peete admitted making the pre-trial statement. *Id.* at 628-29. But Courtney's argument is unpersuasive, as § 2254(d)(1)'s "clearly established" phrase "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Thus, the California court's determination that Courtney's Sixth and Fourteenth Amendment rights were not violated by denial of the severance motions is not contrary to clearly established federal law.

Courtney next argues that he was denied his due process right not to be tried while mentally incompetent, despite a unanimous jury finding that he was in fact competent to stand trial. Under the AEDPA, the jury finding on Courtney's

4

competency may only be overturned if it was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d)(2). State court findings of fact are presumed correct unless "rebutted by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The evidence presented at Courtney's competency hearing included a previous court finding of incompetence, conflicting opinions of three psychologists, and a videotaped interview of Courtney taken by a detective. While such evidence may have supported a finding of incompetence, Courtney has not met his burden of presenting clear and convincing evidence that the jury's finding was incorrect. Accordingly, habeas relief is inappropriate.

**AFFIRMED**.