FILED

NOT FOR PUBLICATION

JUN 24 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON ANTHONY BROWN,

        Petitioner - Appellant,

  v.

JEAN HILL, Superintendent, Snake River
Correctional Institution,

        Respondent - Appellee.

No. 09-35078

D.C. No. 6:07-cv-00430-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted June 10, 2010[**]
Portland, Oregon

Before: THOMPSON, McKEOWN and PAEZ, Circuit Judges.

Jason Anthony Brown, an Oregon state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury

conviction for sexual penetration, sexual abuse, sodomy, delivery of a controlled

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

substance to a minor, and furnishing alcohol to a minor. The trial court sentenced Brown to 436 months. Brown sought post-conviction relief in state court, and now seeks federal habeas relief.

We review de novo the district court's decision to deny a 28 U.S.C. § 2254 habeas corpus petition, and review its factual findings for clear error. McMurtrey v. Ryan, 539 F.3d 1112, 1118 (9th Cir. 2008). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas may only be granted if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The standard of review is "highly deferential . . . [and] demands that state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks and citation omitted).

Brown claims his counsel was ineffective in failing to interview six potential witnesses and in allegedly preventing him from testifying during trial. Both of these claims fail because he cannot show that his counsel's assistance "fell below an objective standard of reasonableness" and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 691 (1984).

2

Brown submitted no evidence as to what five of the witnesses might offer, and the sixth witness testified against him at trial. Brown only speculates that had this sixth witness been interviewed further, he would have possibly recanted his testimony. Brown therefore cannot demonstrate that by failing to call these witnesses, his counsel's conduct fell below an objective standard of reasonableness or prejudiced his defense.

Brown also claims that his counsel was ineffective for "preventing" him from testifying. However, the record indicates that Brown "agreed with [counsel's] advice" not to testify and conceded that counsel did not refuse to let him testify. Also, given that Brown's testimony would be self-serving and subject him to cross-examination, counsel's advice was a reasonable strategy.

Brown does not meet his burden of showing that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Accordingly, we deny his petition.

**PETITION DENIED.**