FILED

**NOT FOR PUBLICATION**

OCT 24 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BROOKEY LEE WEST,

Petitioner -Appellant,

v.

SHERYL FOSTER; et al.,

Respondents - Appellee.

No. 10-17244

D. C. No. 2:07-cv-00021-KJD-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 12, 2011
San Francisco, California

Before: THOMAS and MURGUIA, Circuit Judges, and ALBRITTON, Senior
District Judge.[**]

Brookey Lee West ("West") appeals the district court's denial of her 28

U.S.C. § 2254 petition for a writ of habeas corpus.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William H. Albritton, III, Senior District Judge for the
U.S. District Court for Middle Alabama, sitting by designation.

West argues that the Nevada Supreme Court violated the Antiterrorism and Effective Death Penalty Act ("AEDPA") by acting contrary to clearly established federal law as determined by the Supreme Court when it determined that the State produced sufficient evidence to establish that the victim died by the criminal agency of another (the "corpus delicti" element). *See* 28 U.S.C. § 2244(d). Moreover, West seeks to expand the scope of the Certificate of Appealability granted by the district court. Because the history and facts of the case are familiar to the parties, we need not recount them here.

This court reviews the denial of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 *de novo*. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000).

The standard of review by federal courts of state court decisions governed by AEDPA is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal quotation marks omitted). As per the AEDPA, the Nevada Supreme Court's decision must have been an unreasonable application of Supreme Court precedent to warrant a writ of habeas corpus. *See Sims v. Rowland*, 414 F.3d 1148, 1151 (9th Cir. 2005).

We affirm the district court's denial of West's petition for habeas corpus. In *Jackson v. Virginia*, the Supreme Court provided the standard for determining the sufficiency of the evidence at a criminal trial. 443 U.S. 307 (1979). The Court explained that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)).

West's primary argument focuses on the indeterminancy of the medical evidence. That argument, however, overlooks other circumstantial evidence relied on by the Nevada Supreme Court including: the manner in which the victim's body was found, the plastic bag tied over her face, evidence of the unhealthy relationship between West and the victim, and evidence indicating that West fabricated a story of moving the victim to California even before she disappeared. Viewing the facts in this case in the light most favorable to the prosecution, this Court cannot say that the Nevada Supreme Court's decision to uphold West's conviction was unreasonable.

Because the Nevada Supreme Court's decision comports with the requirements of 28 U.S.C. § 2254(d), West's petition was appropriately denied.

As to West's request to expand the Certificate of Appealability to include two other issues, the Court finds that no reasonable jurist could debate the correctness of the district court's ruling on these issues. Accordingly, the Court declines to expand the certificate of appealability.

**The district court's denial of West's petition for habeas corpus is AFFIRMED**.