FILED

MAY 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOLATAO SALDANA ZAMBRANO, | No. 11-55693 |
| Petitioner - Appellee, | D.C. No. 5:06-cv-00696-PSG-MLG |
| v. | |
| K. PROSPER, Warden, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 10, 2012
Pasadena, California

Before:  PREGERSON, GRABER, and BERZON, Circuit Judges.

Respondent Warden K. Prosper appeals from the district court's grant of a

conditional writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to Petitioner

Dolatao Saldana Zambrano.  On de novo review, Stanley v. Schriro, 598 F.3d 612,

617 (9th Cir. 2010), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Because this petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 governs our review. AEDPA imposes a "highly deferential" standard of review and "demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam). Under AEDPA, we may not grant federal habeas relief unless (as relevant here) the state court's decision involved an unreasonable application of federal law as clearly established in holdings of the Supreme Court. Harrington v. Richter, 131 S. Ct. 770, 785 (2011).[1]

The parties, and we, agree that the key Supreme Court precedent is Darden v. Wainwright, 477 U.S. 168 (1986). There, the Supreme Court set out the standard for deciding when prosecutorial misconduct, such as an improper closing argument, constitutes a due process violation.

The facts here are highly unusual. Petitioner testified that he did not sell a small amount of cocaine as charged. Two undercover police officers testified to observing Petitioner pass a white rock-like substance to a woman who, in turn, handed it to one of the officers. The only real issue for the jury was the credibility of the officers versus the credibility of Petitioner. At least some evidence called

---

[1] The relevant facts are undisputed, and Petitioner does not argue that the state court's decision was directly contrary to clearly established federal law.

the officers' testimony into question; for example, one of them testified that the woman spoke to Petitioner in English to arrange the transaction, but Petitioner does not speak English.

On cross-examination, the prosecutor asked Petitioner repeatedly whether the officers were lying. In addition, she asked him this question: "So what you want this jury to believe is that Officer Dorsey and Corporal Escarpe are going to risk their jobs and come in here and lie to them?" (Emphasis added.) The trial court overruled Petitioner's objection to that question. Later, the prosecutor called one of the officers as a rebuttal witness. The rebuttal revolved entirely around how long the officers had been in law enforcement and whether they would be fired if they were to lie. Then, in her rebuttal closing argument, the prosecutor emphasized that testimony, for example:

> Corporal Escarpe told you he wasn't lying. He has been an officer for 16 years. If you think that those officers are going to come in here and risk their careers over $20.00 of rock cocaine, then you left your common sense outside the doors when you walked in here. Because why would the officers do that? They would be fired. You have 16 years of experience, and you are going to blow your career on $20.00 of rock cocaine.

That line of questioning, and the argument that followed, invited the jury to decide the case on an improper ground: personal sympathy for the police officers who might lose their jobs if they were found to have lied. The Supreme Court has

3

emphasized that the effect of such behavior must be evaluated in the context of the trial as a whole to determine whether the misconduct was so significant as to render the trial fundamentally unfair. Greer v. Miller, 483 U.S. 756, 765–66 (1987). Examining the factors considered by the Court in Darden, 477 U.S. at 179, 182–83, every reasonable jurist would conclude that Petitioner's due process rights were violated. The misconduct was pervasive; the prosecutor purposefully elicited inadmissible testimony;[2] the trial court provided no curative instruction or limitation and to the contrary, by overruling Petitioner's objection, signaled to the jury that the line of questioning was appropriate; the misconduct was not invited in any way; defense counsel had no opportunity to respond to the prosecutor's improper argument because it occurred during rebuttal; and the only evidence of Petitioner's guilt was the officers' testimony, so there could be no conviction unless their testimony was believed—and the inadmissible material concerning their job status was directed precisely at bolstering the officers' credibility so that their testimony would be believed.

We next turn to the issue of harm. On habeas review, constitutional errors of the "trial type," including prosecutorial misconduct, warrant relief only if they

---

[2] The California Court of Appeal characterized the testimony as irrelevant, speculative, and inflammatory.

4

"had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637–38 (1993) (internal quotation marks omitted). This analysis overlaps substantially with the factors that Darden requires us to consider. Viewed through both lenses, the due process violation was highly likely to have affected the verdict substantially. Every reasonable jurist would at least have a grave doubt, O'Neal v. McAninch, 513 U.S. 432, 438 (1995), about whether the misconduct substantially and injuriously influenced the verdict. The only evidence linking Petitioner to the sale of cocaine was the testimony of the two officers, and the believability of their version of events was the only important contested issue at trial. Accordingly, the prosecutor's misconduct was not harmless.

AFFIRMED.