**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK WAYNE HAUSEUR,

               Petitioner - Appellant,

  v.

TIM V. VIRGA, Warden,

               Respondent - Appellee.

No. 11-56480

D.C. No. 5:08-cv-00094-CJC-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted January 5, 2015
Pasadena, California

Before: KOZINSKI, W. FLETCHER, and OWENS, Circuit Judges.

California state prisoner Mark Wayne Hauseur appeals the denial of his 28

U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We

review de novo the district court's decision to deny Hauseur's habeas petition, *see*

*Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hauseur was convicted of first-degree murder in 2004. He argues that various irregularities compromised the integrity of the jury. We assume without deciding that these arguments are properly before us, and that our review is de novo. On the record presented, neither the statements made by the victim's wife nor one juror's alleged conversation with a police officer were the kind of extrinsic material likely to have "substantially and injuriously affected the verdict." *Cook v. LaMarque*, 593 F.3d 810, 827 (9th Cir. 2010) (internal punctuation marks omitted). Any relationship that another juror may have had with a prosecution witness was, similarly, too insubstantial to have rendered that juror incapable of "decid[ing] the case solely on the evidence before [him]." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (quoting *Smith v. Phillips*, 455 U.S. 209, 217 (1982)). The district court did not err in rejecting these claims. Nor did it abuse its discretion in denying an evidentiary hearing.

Hauseur also argues that he received ineffective assistance of trial counsel. Because the state court adjudicated Hauseur's ineffective assistance claim on the merits, we can grant relief only if its adjudication was "contrary to, or involved an unreasonable application of," clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1). We conclude it was neither. The fact that the state court did not cite to or fully articulate the standard of *Strickland v. Washington*, 466 U.S. 668, 694

(1984), does not mean it applied a standard "contrary to" *Strickland*'s. *See*

*Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).  And its conclusion

that Hauseur was not prejudiced by any deficiencies in his counsel's performance

was not "unreasonable" given the strength of the state's evidence against Hauseur.

**AFFIRMED.**