NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELLY ALICE KESSLER,

               Petitioner-Appellant,

   v.

DEBORAH K. JOHNSON
and JEFFREY A. BEARD,

               Respondents-Appellees.

No.   16-15987

D.C. No. CR-10-00322 LJO-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 9, 2018
San Francisco, California

Before:  WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Petitioner Kelly Alice Kessler appeals the District Court's denial of her

petition for a writ of habeas corpus brought under the 1996 Antiterrorism and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

1

Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Petitioner's sole claim in this appeal is that she was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution because her trial counsel failed to investigate her prior Nevada burglary conviction to determine whether it constituted a strike under the California Three Strikes Law, Cal. Penal Code § 667(b)-(i), and because upon that counsel's advice, she admitted that conviction as a strike rather than try it before a jury. We review de novo a district court's decision to deny habeas relief. Bemore v. Chappell, 788 F.3d 1151, 1160 (9th Cir. 2015).

Under AEDPA, the Court considers "the last state court merits decision," id., and relief may only be granted if those proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . ; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d). Here, the "last state court merits decision" is the August 20, 2010 opinion of the California Court of Appeal.

AEDPA provides a "highly deferential standard for evaluating state-court rulings" which "demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (citation omitted). Relief

2

under AEDPA requires that the "unreasonable application" of clearly established federal law be "objectively unreasonable, not merely wrong[.]" Rowland v. Chappell, 876 F.3d 1174, 1181 (9th Cir. 2017) (quoting White v. Woodall, 134 S.Ct. 1697, 1702 (2014)). Habeas relief may be granted only where the petitioner has shown that the last state court merits decision is "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." Id. (quoting Woodall, 134 S.Ct. at 1702).

The "clearly established federal law" applied to an ineffective assistance of counsel ("IAC") claim is Strickland v. Washington, 466 U.S. 668 (1984) and its progeny. In order to prevail on an IAC claim, the plaintiff must show both that counsel was deficient and that the plaintiff was prejudiced as a result of that deficiency. Rowland, 876 F.3d at 1183 (citing Strickland, 466 U.S. at 687–88).

AEDPA and Strickland each provide a "highly deferential" standard of review, "and when the two apply in tandem, review is 'doubly' so." Id. (quoting Harrington v. Richter, 562 U.S. 86, 105 (2011)). "When [AEDPA] applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 562 U.S. at 105. Put another way, under AEDPA, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable." Rowland, 876 F.3d at 1183 (quoting Richter, 562 U.S. at 101).

3

1.    Deficiency under Strickland requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. (quoting Strickland, 466 U.S. at 688). Petitioner has not demonstrated that there is no "reasonable argument that counsel satisfied Strickland's deferential standard" regarding deficiency. Richter, 562 U.S. at 105.

The California Court of Appeal reasonably found that Petitioner failed to provide a detailed declaration recounting what she told trial counsel regarding the prior Nevada conviction, and what he told her. Petitioner is not helped by trial counsel's February 28, 2003 statement to trial prosecution that he was unaware of, and unable to stipulate to, the equivalency of the prior Nevada burglary to a California first degree burglary. That exchange does not speak to the sufficiency of trial counsel's investigation of the prior Nevada burglary conviction. Nor does it show that counsel was wholly ignorant of an operative difference between the Nevada burglary statute and its California analog, namely, that the former lacked degrees and would not constitute a strike under the California Three Strikes Law. Both inferences are speculative.

Counsel had access to known evidence from the prior Nevada burglary case supporting a finding of habitation. An amended criminal complaint from that case identifies the specific location burglarized and notes that it was a "Residence." Petitioner told police she was in the victim's house, and a judicial probable cause

4

finding incorporated that statement. The trial prosecutor said that he disclosed the documentation in the record to trial counsel "before and prior to" Petitioner's waiver of trial. The Superior Court and the Court of Appeal found those documents admissible.

Trial transcript excerpts demonstrate that counsel's advice to admit the prior conviction as a strike rather than try it was guided by tactical considerations, and that he consulted with Petitioner as to the direct legal effect of the admission. Petitioner thus does not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," nor the premise that the challenged action "might be considered sound trial strategy." Strickland, 466 U.S. at 689 (citation omitted).

In sum, the question of trial counsel's deficiency poses, at the very least, a "possibility for fairminded disagreement." Rowland, 876 F.3d at 1181 (quoting Woodall, 134 S.Ct. at 1702). The California Court of Appeal's denial of Petitioner's IAC claim was reasonable.[1]

---

[1] In asserting trial counsel's "general pattern of professional misconduct," and its relevance to counsel's "state of mind at the time he was representing Petitioner," Petitioner points to counsel's State Bar file, disciplinary proceedings, and subsequent disbarment. However, Petitioner has not shown that counsel committed any actual errors or omissions in her case. "[T]here is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." U.S. v. Cronic, 466 U.S. 648, 659 n.26 (1984). Representation by a lawyer previously suspended from practice by a state bar does not automatically result in the denial of the Sixth

5

2. Because Petitioner has failed to demonstrate deficient performance, this Court need not reach the question of prejudice. Strickland, 466 U.S. at 697. Regardless, Petitioner's prejudice arguments fail. We review those arguments de novo because the Court of Appeal did not analyze potential prejudice. Crace v. Herzog, 798 F.3d 840, 852 (9th Cir. 2015).

Demonstrating prejudice under the second prong of Strickland requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Richter, 562 U.S. at 104 (quoting Strickland, 466 U.S. at 694). Petitioner does not furnish cognizable evidence demonstrating a reasonable probability that her sentencing would have been different had she gone to trial on the prior conviction rather than admit it for tactical reasons. Petitioner failed at all stages to provide a detailed declaration recounting her conversations with trial counsel regarding the prior Nevada conviction. Arguments as to the likelihood of Petitioner's success in trying the prior conviction are speculative. Moreover, under California law, "in determining the

___

Amendment right to counsel. United States v. Mouzin, 785 F.2d 682, 696 (9th Cir. 1986); see also Young v. Runnels, 435 F.3d 1038, 1043 (9th Cir. 2006). "A defendant must show actual errors and omissions by counsel that a conscientious advocate would not have made, and which prejudiced him." Mouzin, 785 F.2d at 696 (citation omitted). None of Petitioner's citations to trial counsel's file demonstrate a connection between the conduct for which he was disciplined and his representation of her.

truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." People v. Guerrero, 748 P.2d 1150, 1157 (Cal. 1988). When the California Superior Court reviewed the record of the prior Nevada conviction on habeas remand, it concluded that Petitioner burglarized an inhabited dwelling, a serious felony for the purposes of the California Three Strikes Law.

For the foregoing reasons, the district court properly denied the petition for a writ of habeas corpus.

**AFFIRMED.**