**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN JAMES BERLINER, | No. 19-35057 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-01787-SI |
| v. | |
| BRIAN GEERS, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 6, 2020
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and HUCK,** District Judge.

Steven James Berliner appeals the district court's denial of his habeas petition

alleging ineffective assistance of counsel. In May of 2005, Berliner attended a party

with two of his friends. The three friends left the party in Berliner's truck and

collided with a tree. A jury convicted Berliner of first and second-degree

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Paul C. Huck, Senior United States District Judge for the
U.S. District Court for Southern Florida, sitting by designation.

manslaughter, third-degree assault, and driving under the influence of intoxicants. Berliner contends that his trial counsel failed to "fully understand" the blood-alcohol-content ("BAC") evidence and prejudiced his defense by not introducing results from the Oregon State Police crime lab ("Crime Lab Results"). Specifically, Berliner argues that introducing the Crime Lab Results would have countered the State's evidence of intoxication and, thus, changed Berliner's decision to testify in his own defense. On these grounds, Berliner filed for post-conviction relief ("PCR") in Oregon state court. The PCR court denied relief, finding that Berliner failed to show that his trial counsel provided constitutionally ineffective assistance. Berliner then filed the instant habeas petition. The district court denied habeas relief, finding the PCR court's determination to be reasonable. We agree and, thus, affirm.

This Court reviews a district court's decision to grant or deny a petition for habeas corpus de novo. *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir. 2004). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). An application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

2

determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal quotation marks and citation omitted).

The clearly established federal law here is *Strickland v. Washington*, 466 U.S. 668 (1984). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). That is because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so[.]" *Id.* (internal quotation marks and citation omitted). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Id.* "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

There is certainly a reasonable argument that Berliner's trial counsel satisfied *Strickland's* deferential standard. To show ineffective assistance of counsel, a defendant must demonstrate that "counsel's representation fell below an objective

standard of reasonableness" and that counsel's errors prejudiced his defense. *Strickland*, 466 U.S. at 687–88. The PCR court found that Berliner's trial counsel's representation did not fall below an objective standard of reasonableness because he made a strategic decision not to use the BAC results from the Oregon State Police crime lab. This finding is reasonable in light of the record, which shows that Berliner's trial counsel made this decision in consultation with his expert witness. Indeed, an attorney may rely on the opinion of a qualified expert without further investigation. *See Hendricks v. Calderon*, 70 F.3d 1032, 1039 (9th Cir. 1995) ("If an attorney has the burden of reviewing the trustworthiness of a qualified expert's conclusion before the attorney is entitled to make decisions based on that conclusion, the role of the expert becomes superfluous."). Therefore, the PCR court's determination that Berliner failed to satisfy the first prong of *Strickland* is reasonable.

Further, the PCR court determined that, even if Berliner could show that his trial counsel's representation fell below an objective standard of reasonableness, Berliner could not show resulting prejudice to his defense. We agree. Berliner himself testified that he drank ten cups of beer and smoked marijuana several times, causing him to feel "impaired" when he left the party. Although Berliner asserts that he would not have testified had his trial counsel introduced the Crime Lab Results, the PCR court determined that this assertion lacked credibility for two reasons. First,

4

Berliner was inconsistent on this point, initially declaring that he would have changed his trial testimony to make clear that he was not intoxicated and, later, insisting that he would not have testified at all. Second, Berliner's testimony was central to his primary defense at trial—that he was not driving the vehicle. As such, the PCR court refused to credit Berliner's claim that he would not have testified were it not for counsel's alleged errors. We defer to the PCR court's reasonable credibility determination. *See Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) ("[W]e may not second-guess a state court's fact-finding process unless we determine that the state court was not merely wrong, but actually unreasonable." (internal quotation marks and citation omitted)).

In sum, the PCR court reasonably applied *Strickland*. Therefore, we affirm the district court's denial of habeas relief.

**AFFIRMED.**