NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL GONZALES,<br><br>              Petitioner - Appellant,<br><br>   v.<br><br>WILLIAM GITTERE,<br>Warden; ATTORNEY GENERAL OF THE<br>STATE OF NEVADA,<br><br>              Respondents - Appellees. | No. 24-3288<br><br>D.C. No.<br>2:21-cv-02055-GMN-DJA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted December 9, 2025
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Raul Gonzales appeals the district court's order denying his

petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his

conviction under the Nevada habitual criminal statute. We review de novo a

district court's order denying a petition for writ of habeas corpus. *Catlin v.*

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Broomfield*, 124 F.4th 702, 721 (9th Cir. 2024). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, when a state court has adjudicated a petitioner's claim on the merits, we may grant relief only if "the decision was 'contrary to, or involved an unreasonable application' of 'clearly established Federal law' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" *Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019) (quoting 28 U.S.C. § 2254(d)). If "the state court adjudication on the merits does not withstand deferential scrutiny under § 2254(d)," we then "decide the habeas petition by considering de novo the constitutional issues raised." *Amado v. Gonzalez*, 758 F.3d 1119, 1131 (9th Cir. 2014) (citation and internal quotation marks omitted). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We affirm.

1.      Both parties agree, and the district court found, that the state court here made an unreasonable determination of facts in light of the record presented when it determined that, pursuant to the plea agreement, the state prosecution retained an unqualified right to argue for habitual criminal at sentencing. Even assuming that the Nevada Court of Appeals' decision was an unreasonable determination of fact, the state prosecution did not breach the plea agreement.

The state prosecution did not breach the plea agreement because the Register of Action in the state court record demonstrated that—as required by the Supreme

Court and Nevada law—a magistrate judge reviewed the arrest documents and Complaint when it made a 48-hour determination of probable cause for first-degree murder in Gonzales' warrantless arrest. *See Cnty. Of Riverside v. McLaughlin*, 500 U.S. 44, 56–57 (1991); *see also* Nev. Rev. Stat. § 171.106 *as enacted by* Laws 1971, p.830; *Woerner v. Just. Ct. of Reno Twp. ex rel. Cnty. of Washoe*, 116 Nev. 518, 524 (2000). By definition, a complaint in Nevada requires affidavits or affidavit-equivalent documents, *see* Nev. Rev. Stat. §§ 171.102, 171.106, 53.045, and the Register shows that a Complaint and arrest documents were filed and a determination of probable cause was made upon review of these documents. Since federal habeas courts presume that ". . . state courts know and follow the law," this satisfies the probable cause by affidavit review condition in the plea agreement. *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

It is Gonzales' burden to affirmatively show that the 48-hour determination of probable cause fails to satisfy the plea agreement and he has failed to do so. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) ("[I]t is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." (quoting *Snook v. Wood*, 89 F.3d 605, 609 (9th Cir. 1996)). Thus, the district court did not err in denying habeas relief.[1]

---

[1] Gonzales argues that the district court improperly expanded the record under Rule 7 of the Rules Governing Section 2254 cases. We need not address this issue since our decision is based entirely in the state-court record.

2. The district court did not err in finding that the state court correctly applied *Dawson v. Delaware*, 503 U.S. 159 (1992). In *Dawson*, the Supreme Court held that the admission of defendant's beliefs and associations at sentencing violated the First Amendment where the evidence had "no relevance to the sentencing proceeding." *Id.* at 166. Gonzales' claims that the Nevada Court of Appeals determination comprised a "contrary to" or an "unreasonable application of" *Dawson* are unavailing. Contrary to Gonzales' arguments that this evidence was unrelated to him and highly prejudicial, reasonable jurists could conclude that it shows Gonzales' connections to the 28th Street and the Nevada 13 gangs. Also, reasonable jurists may conclude that the gangs' objectives and their endorsement; their actions against rival gang members; and the violence they inflict on rival gang members and the community show a nexus between Gonzales' gang associations and his abstract beliefs which are relevant to his potential future harmful behavior. *See Dawson*, 503 U.S. at 163–65 (holding that although the "First Amendment protects an individual's right to join groups associations with others holding similar beliefs," nevertheless, "the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment."). Lastly, reasonable jurists could conclude that this evidence is relevant to the sentencing court to make its determination of future dangerousness

4                                                                                          24-3288

to better assess the potential sentence options available to it in sentencing Gonzales.

Thus, unlike *Dawson*, where the sole purpose of the evidence presented was to show that the defendant's beliefs were "morally reprehensible," here, the evidence was relevant to the court's assessment of Gonzales' future dangerousness. *Id.* at 167.

**AFFIRMED.**